**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CIELO JEAN GIBSON, MARKETA
KAZDOVA, MAYSA QUY, PAOLA
CANAS, SARA UNDERWOOD,
TIFFANY TOTH, and URSULA
MAYES,

    Plaintiffs,

v.                                                               Case No. 3:16-cv-392-J-32JBT

WHITE'S PLACE, LLC and
MICHAEL TOMKOVICH,

    Defendants.

---

PAOLA CANAS, LINA POSADA,
JESSICA BURCIAGA, JAIME
EDMONDSON, and ROSIE JONES,

    Plaintiffs,

v.                                                               Case No. 3:16-cv-393-J-32JRK

FLASH DANCERS, INC. and
MICHAEL TOMKOVICH,

    Defendants.

---

BROOKE TAYLOR aka Brooke
Johnson, LAURIE ANN YOUNG,
MALU LUND, SARA

UNDERWOOD, and JAMIE
EASON aka Jamie Middleton,

    Plaintiffs,

v.                                                 Case No. 3:16-cv-394-J-32JRK

M.T. PRODUCTIONS IN
JACKSONVILLE, INC. and
MICHAEL TOMKOVICH,

    Defendants.

---

## **O R D E R**

This matter is before the Court upon the Consolidated Corporate Defendants' Motion to Dismiss the First Amended Complaint (Doc. 29), Individual Defendant Tomkovich's Motion to Dismiss the First Amended Complaint (Doc. 30), and the Consolidated Plaintiffs' responses in opposition (Docs. 33 & 34). Originally separate actions, the First Consolidated and Amended Complaint ("Complaint") (Doc. 24) combined the three pending actions within the Middle District of Florida Jacksonville Division.[1]

---

[1] One of the consolidated cases, 3:16-cv-392-J-32JRK, has now settled. (Doc. 79).

## I. BACKGROUND

This action arises out of Defendants' alleged unauthorized use and theft of Plaintiffs' images and likenesses to advertise their businesses. According to the Complaint, Plaintiffs are professional models who earn their living "by promoting [their] image and likeness to select clients . . . ." (Doc. 24 at ¶ 50). Each Corporate Defendant is a Florida business "that engages in the business of entertaining its patrons with nude and/or semi-nude dancing and alcohol." (Doc. 24 at ¶¶ 32, 36, 40). Tomkovich is the President and Director of each Corporate Defendant and maintains "operational and managerial control and responsibility over the business operations of, and decision-making authority for [Corporate Defendants']. . . promotional, advertising, marketing, and endorsement activities . . . ." (Doc. 24 at ¶¶ 44–45).

The Complaint contains the same seven counts by all fifteen plaintiffs against the various defendants. Plaintiffs seek compensation for: false advertising violations under the Lanham Act, 15 U.S.C. § 1125(a) (Count I); false endorsement violations under the Lanham Act, 15 U.S.C. § 1125(a) (Count II); violations of the right to publicity and unauthorized misappropriation under Florida Statute Section 540.08 (Count III); violations of the common law right to publicity and unauthorized misappropriation (Count IV); violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute Section 501.204 (Count V); civil theft violations under Florida Statute

3

Sections 812.014 and 772.11 (Count VI); and unjust enrichment (Count VII). (Doc. 24 at ¶¶ 258–1559).

The Complaint alleges that Defendants used Plaintiffs' images in different advertising materials, commonly on social media. (Doc. 24 at ¶ 1). Defendants never received Plaintiffs' consent to use the images. (Doc. 24 at ¶ 4). Plaintiffs sent Defendants cease and desist letters, which did not stop the allegedly unauthorized use of the images. (Doc. 24 at ¶ 13).

The Corporate Defendants have moved to dismiss all counts of the complaint for failure to state a claim upon which relief can be granted. (Doc. 29). Corporate Defendants also allege that this Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims. (Doc. 29 at 15). Additionally, Tomkovich moves to dismiss all claims because he should not be held individually liable as an officer and manager of the Corporate Defendants. (Doc. 30).

Throughout the Middle District, and elsewhere in Florida, courts have handled a plethora of similar cases involving many of the same plaintiffs, defendants, lawyers, and claims. Although not factually identical, the claims and arguments in those cases are very similar to those here. Since most of the issues before this Court have already been decided, this Court will adopt portions of those opinions where appropriate. See, e.g., Gibson v. Resort at Paradise Lakes, LLC, No. 8:16-cv-791-T-36AAS, 2017 WL 3421532, at *1 (M.D.

4

Fla. Aug. 9, 2017); Edmondson v. 2001Live, Inc, 8:16-cv-3243-T-17AEP, Doc. # 40, at 1 (M.D. Fla. July 25, 2017); Lancaster v. The Bottle Club, LLC., 8:17-cv-634-T-33JSS, 2017 WL 3008434, at *1 (M.D. Fla. July 14, 2017); Krupa v. Platinum Plus, LLC, 8:16-cv-3189-T-33MAP, 2017 WL 1050222, at *1 (M.D. Fla. Mar. 20, 2017); Burciaga v. Gold Club Tampa, Inc., 8:16-cv-790-T-27JSS, Doc. # 35, at 1 (M.D. Fla. Dec. 28, 2016); Edmondson v. Caliente Resorts, LLC, No. 8:15-cv-2672-T-23TBM, 2016 WL 1756070, at *1 (M.D. Fla. May 3, 2016).

## II. LEGAL STANDARD

To survive a motion to dismiss, the complaint must include a "short plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). When ruling on a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the complaint must state a plausible claim for relief to survive a motion to dismiss. Iqbal, 556 U.S. at 679.

## III. DISCUSSION

### A. Claims under the Lanham Act

The Lanham Act states:

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
>> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). Thus, Section 1125(a) creates two separate bases of liability: false advertising, § 1125(a)(1)(B) and false endorsement, § 1125(a)(1)(A). Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1384 (2014). Plaintiffs allege both false advertising and false endorsement. (Doc. 24).

### 1. False Advertising

Defendants contend that Plaintiffs have not asserted facts sufficient to support a false advertising claim under the Lanham Act because, among other reasons, no consumer would honestly expect to find any of the Plaintiffs at Defendants' strip clubs. (Doc. 29 at 5–8). Several other cases within the Middle District of Florida have decided the same issue with similar plaintiffs,

defendants, and factual backgrounds. Each held that the complaint was sufficient to withstand a motion to dismiss. This Court agrees with the reasoning of those other courts and denies Defendants' motion to dismiss the false advertising claim under the Lanham Act. See, e.g., Bottle Club, 2017 WL 3008434, at *4–5; Krupa, 2017 WL 1050222, at *3–4; Burciaga, Doc. # 35, at 3–5.

### 2. False Endorsement

Similar to the previous claim, Defendants assert that Plaintiffs' pleading fails to allege facts to make out a plausible claim for false endorsement. (Doc. 29 at 8–15). Again, several courts within the Middle District of Florida have ruled on a motion to dismiss a false endorsement claim based on a similar factual backdrop. However, unlike the false advertising rulings, these decisions have not been unanimous. In Burciaga, the court held that Plaintiffs "do not allege that their *personas* are sufficiently distinctive to be protected as common law marks." Burciaga, Doc. # 35 at 6. To the contrary, Bottle Club and Krupa held that the plaintiffs' allegations of substantial modeling careers and social media followings coupled with their use of social media to advertise, were sufficient to survive a motion to dismiss. Bottle Club, 2017 WL 3008434, at *6–7; Krupa, 2017 WL 1050222, at *5–6. This Court agrees with the reasoning in Bottle Club and Krupa with respect to the false endorsement claims. See Bottle Club, 2017 WL 3008434, at *6–7; Krupa, 2017 WL 1050222, at *5–6.

7

### B. Supplemental Jurisdiction

Defendants urge this Court to follow two Southern District of Florida cases that, based on similar pleadings, declined to accept supplemental jurisdiction of all state law claims. See (Doc. 29 at 15–16) (citing Canas v. S&J Crazy Lizards Entm't, No. 9:16-cv-80902-WJZ, Doc. # 6 (S.D. Fla., June 14, 2016); Edmonson v. Velvet Lifestyles, LLC, No. 1:15-cv-24442-JAL, Doc. # 77, (S.D. Fla., Sept. 8, 2016)). For the reasons stated by Judge Covington in Krupa, this Court will decline Defendants' invitation and will maintain supplemental jurisdiction over all of the state law claims. See Krupa, 82017 WL 1050222, at *6.

### C. State Law Claims

#### 1. Florida Statute Section 540.08 – Unauthorized Publication of Name or Likeness

Defendants' attempt to dismiss Plaintiffs' unauthorized publication of likeness claim relies on the same arguments rejected in many of the above listed cases—"after limited discovery, it shall be shown that Plaintiffs' signed releases and gave up all rights in the subject photograph(s)." (Doc. 29 at 16); see Krupa, 2017 WL 1050222, at *6; Caliente Resorts, 2016 WL 1756070, at *1. For the reasons stated in Krupa and Caliente Resorts, Defendants' motion to dismiss the claims based on Section 540.08, Florida Statutes, is denied. See Krupa, 2017 WL 1050222, at *6; Caliente Resorts, 2016 WL 1756070, at *1.

8

### 2. **Common Law Right of Publicity and Unauthorized Misappropriation of Name or Likeness**

For the reasons stated by Judge Covington in her well-reasoned analysis, the motion to dismiss Plaintiffs' claims for common law right to publicity and unauthorized misappropriation of name or likeness is denied. See Krupa, 2017 WL 1050222, at *7.

### 3. **Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")**

Defendants move to dismiss the FDUTPA claim on two grounds: (1) Plaintiffs' are not consumers and thus lack standing to allege FDUTPA violations, and (2) Plaintiffs have failed to allege actual damages. (Doc. 29 at 18–19).

Whether a FDUTPA claim exists under these facts has been the subject of extensive analysis by courts within the Middle District.[2] Since the issue would be better addressed on a developed record, this Court will deny Defendants' motion to dismiss the FDUTPA claims.

---

[2] For conflicting views on standing among similar cases within the Middle District, compare Gibson, 2017 WL 3421532, at *3–6 (holding that a similar group of plaintiffs lacked standing to sue under FDUTPA because they were not consumers) with Burciaga, Doc. # 35, at 8–9 (holding that a non-consumer does have standing to sue under FDUTPA). For conflicting views on actual damages among similar cases within the Middle District, compare Burciaga, Doc. # 35, at 8–9 (stating that the plaintiffs had sufficiently pled actual damages), with 2001Live, Doc. # 40, at 3–6 (holding that the damages alleged are consequential and unrecoverable under FDUTPA).

### 4. Civil Theft Under Florida Statute Section 772.11

Defendants' motion to dismiss Plaintiffs' Civil Theft claims is denied. The Court adopts Judge Covington's analysis of Plaintiffs' civil theft claims in Krupa. 2017 WL 1050222, at *8.

### 5. Unjust Enrichment

Plaintiffs have alleged a plausible claim for unjust enrichment. An unjust enrichment claim has three elements: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1094 (Fla. 3d DCA 2014).

Defendants argue that Plaintiffs' have not alleged sufficient facts to state a cause of action for unjust enrichment. (Doc. 29 at 22). This Court disagrees. "While each specific claim for unjust enrichment . . . alleges, in a terse fashion, facts bordering on legal conclusions, the Complaint, when read as whole, alleges enough facts to give rise to a plausible claim to relief for unjust enrichment. . . ." Krupa. 2017 WL 1050222, at *8. Therefore, Defendants' motion to dismiss Plaintiffs' unjust enrichment claims is denied.

### D. Tomkovich's Individual Liability

In a separate motion to dismiss, Tomkovich asserts that he cannot be held individually liable for any of Plaintiffs' claims. (Doc. 30 at 4). The Court denies Tomkovich's motion. In support of this ruling, the Court adopts the reasoning of Section III.B in <u>Gibson</u>, 2017 WL 3421532, at *2–3.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Consolidated Corporate Defendants' Motion to Dismiss the First Amended Complaint (Doc. 29) is **DENIED.**

2. Individual Defendant Michael Tomkovich's Consolidated Motion to Dismiss First Amended Complaint (Doc. 30) is **DENIED**.

3. Judge Merryday, in <u>Caliente Resorts</u>, ordered Plaintiffs to amend their complaint to "present in a single count the same claim for each plaintiff." 2016 WL 1756070, at *5. Here, the Complaint also fails to comply with Rule 8(a), Federal Rules of Civil Procedure, requiring "a short plain statement of the claim showing that the pleader is entitled to relief." Therefore, not later than **October 16, 2017**, Plaintiffs are required to amend the complaint so that each claim is

represented in a single count on behalf of all Plaintiffs.[3] Any other additions or changes to the complaint require permission from this Court. Not later than **November 13, 2017**, Defendants shall file their Answer to the newly amended complaint.

    4. Not later than **October 16, 2017**, the parties will submit a revised case management report (CMR form attached) and further advise the Court whether they want to engage in another mediation at this time.

    **DONE AND ORDERED** in Jacksonville, Florida this 20th day of September, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

Attached:
Case Management Report Form

Copies:
Counsel of record

---

[3] Realleging certain facts from the first 257 paragraphs of the complaint would resolve any potential issue of having the same plaintiffs assert claims against different defendants in the same count.